**WO**                                   NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Donna Noriega, | No. CV-16-01015-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona, State of, *et al.*, | |
| Defendants. | |

At issue is Defendants State of Arizona, Dr. Cara Christ, and John Doe Christ's Partial Motion to Dismiss (Doc. 8, MTD), to which Plaintiff Donna Noriega filed a Response (Doc. 10, Resp.) and Defendants filed a Reply (Doc. 11, Reply).[1] The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court grants in part and denies in part Defendants' Partial Motion to Dismiss.

**I.    BACKGROUND**

Plaintiff initiated this lawsuit in Arizona state court on March 22, 2016, (Doc. 1-1, Compl.), and Defendants removed it to this Court on April 12, 2016 (Doc. 1). When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil

---

[1] Plaintiff has presumably named John Doe Christ to reach the marital property of Dr. Cara Christ. Because Defendants did not otherwise request, for the purposes of this order, claims that survive against Dr. Cara Christ also survive against her unnamed husband.

Procedure 12(b)(6), the Court accepts as true the plaintiff's non-conclusory, material allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).

Plaintiff alleges the following in her Complaint. She was appointed to serve as the superintendent of the Arizona State Hospital ("ASH"), a division of the Arizona Department of Health Services ("ADHS"), pursuant to A.R.S. § 36-205. (Compl. ¶¶ 4, 11.) On May 29, 2015, she received a letter terminating her from her position at ASH. (Compl. ¶ 15.) Dr. Christ, the Director of the ADHS, issued the termination letter, and it did not indicate any cause for the dismissal, stating only that Plaintiff's services were no longer needed. (Compl. ¶¶ 5, 16, 18.) Plaintiff did not receive any pre-termination notice or post-termination hearing. (Compl. ¶ 19.) Plaintiff alleges that her termination without cause violated A.R.S. § 36-205(C), which states that the superintendent shall only be removed for cause, and that this statute created a constitutionally recognized property interest in her employment. (Compl. ¶¶ 13, 21.) Further, Plaintiff alleges this lack of notice and opportunity to be heard is a violation of her federal and state due process rights. (Compl. ¶ 22.)

Based on the preceding allegations, Plaintiff brings a state law claim of wrongful termination (Count I). (Compl. ¶¶ 24-32.) It is unclear from the Complaint which Defendants (and in what capacity) Plaintiff claims Count I against. The Court considers Count I against all Defendants. Plaintiff alleges a violation of 42 U.S.C. § 1983 against the State of Arizona and Dr. Christ in her official capacity (Count III), and also against Dr. Christ in her individual capacity (Count II). (Compl. ¶¶ 33-46.)

Defendants now move to dismiss the Complaint, arguing that (1) Dr. Christ has qualified immunity, (2) Plaintiff's claim against the state is barred by the Eleventh Amendment, (3) Plaintiff's claim for reinstatement fails for not alleging both a violation of a substantive right and a due process violation, and (4) Plaintiff's claim for wrongful

1 termination fails because her termination did not violate statewide public policy. (MTD at
2 1-2.)

## II. LEGAL STANDARD

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1998). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## III. ANALYSIS

### A. Qualified Immunity

Defendants argue that, in her individual capacity, Dr. Christ is entitled to qualified immunity from Plaintiff's wrongful termination and § 1983 claims (Counts I and II). (MTD at 3.) Qualified immunity protects government officials from liability for civil

1  damages "unless a plaintiff pleads facts showing (1) that the official violated a statutory
2  or constitutional right, and (2) that the right was 'clearly established' at the time of the
3  challenged conduct." *Wood v. Moss*, 134 S. Ct. 2056, 2066-67 (2014) (quoting *Ashcroft*
4  *v. al–Kidd*, 563 U.S. 731, 735 (2011)). To be clearly established, "[t]he contours of the
5  right must be sufficiently clear that a reasonable official would understand that what [the
6  official] is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).
7  When provisions of a specific statute conflict with those of a general statute on the same
8  subject, the specific statute controls and the more general statute applies to all matters not
9  dealt with in the specific statute. *Desert Waters, Inc. v. Superior Court*, 370 P.2d 652,
10 657 (Ariz. 1962).

11  Here, Dr. Christ violated a statutory right that was clearly established when she
12 terminated Plaintiff. While Arizona has general employment statutes that appear to
13 conflict with specific employment statutes, this does not make the law any less clear for a
14 reasonable official to understand. Under Arizona's Employment Protection Act ("EPA"),
15 the general provisions state the employment relationship is severable at the pleasure of
16 the employer unless there is a written contract between the parties. A.R.S.
17 § 23-1501(A)(2). An Arizona state personnel system statute states that any state
18 supervisor is an at-will employee. A.R.S. § 41-742(A)(2)(b). However, the laws
19 governing ASH specifically provide, "The superintendent shall be removed only for
20 cause." A.R.S. § 36-205(C).

21  Defendants argue that even if the specific statute trumps the general statute, it is
22 not so clearly established as to deprive Dr. Christ of her qualified immunity, and courts
23 may not define clearly established law at a high level of generality. (Reply at 2.) In
24 *Ashcroft v. Al-Kidd*, the Supreme Court chastised a lower court for finding clearly
25 established law "lurking in the broad history and purposes of the Fourth Amendment."
26 563 U.S. 731, 742 (2011). That is not the case here. As the Supreme Court stated, the law
27 must be clearly established in a more particularized and relevant sense. *Id.* Here,
28 § 36-205(C) could not be more relevant and particularized: the superintendent of the state

- 4 -

hospital shall be removed only for cause. Because this statute specifically governs Plaintiff's position as superintendent, it controls over the general statutes that govern Arizona employment relationships and Arizona supervisors. *See Desert Waters*, 370 P.2d at 657. Moreover, a reasonable official should understand the laws that govern the very agency they work in. Thus, Dr. Christ should have understood that terminating Plaintiff without cause violated Plaintiff's statutory right to be removed only for cause. Defendants' Motion to Dismiss Counts I and II is denied.

### B. Eleventh Amendment and § 1983

Defendants argue that the Eleventh Amendment bars Plaintiff's § 1983 claim against the State (Count III). (MTD at 5.) The Court need not decide this issue because Plaintiff's § 1983 claim fails for another reason. As the Supreme Court found in the case cited by Defendant, *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), neither a state nor its officials acting in their official capacities are "persons" under § 1983, and thus cannot be sued for damages. But a state official, when sued only for injunctive relief, is a person under § 1983. *Id.* at 94 n.10 (noting that official-capacity actions for injunctive relief are not treated as actions against the state.) Because Plaintiff cannot sue the State under § 1983, the Court must dismiss Count III to the extent Plaintiff brings it against the State.

### C. Reinstatement

Defendants argue that reinstatement is not an available remedy for Plaintiff's § 1983 claim for injunctive relief, (Count III), because Plaintiff only alleged deprivation of a property interest without due process, and not a violation of any substantive right. (MTD at 5.) A party may have a right to reinstatement when he or she alleges another substantive right coexists with the right to procedural due process. *Brady v. Gebbie*, 859 F.2d 1543, 1552 (9th Cir. 1988). "An employee has a constitutionally protected property interest in continued employment if he has a reasonable expectation or a legitimate claim of entitlement to it." *Matthews v. Oregon State Bd. of Higher Educ.*, 220 F.3d 1165, 1168 (9th Cir. 2000) (citing *Brady*, 859 F.2d at 1547-48). A legitimate claim of entitlement

1 arises if this interest is created by state law, such as a statute that limits grounds for
2 termination. *See id.*

3 Where Plaintiff's allegations are taken as true, the Court can draw a reasonable
4 inference that reinstatement is an appropriate remedy. The relevant statute, A.R.S.
5 § 36-205, mandates that an appointed superintendent shall only be fired for cause. This
6 statute creates a reasonable expectation of continued employment for Plaintiff and thus a
7 constitutionally protected property interest. *See Matthews*, 220 F.3d at 1168. Because
8 Plaintiff alleges Defendants deprived her of her constitutionally protected property
9 without any due process, there may be a right to reinstatement. *See Brady*, 859 F.2d at
10 1552.

11 Citing *Brady*, Defendants argue that deprivation of property is not a violation of a
12 substantive right that merits reinstatement. (MTD at 5.) The *Brady* court's ruling,
13 however, is not that broad. In *Brady*, the court found that the relevant employment
14 statutes did not guarantee the plaintiff a right to employment, and thus, as a matter of law,
15 he did not have a constitutionally protected property interest in continued employment.
16 The plaintiff's claim in *Brady* was solely a violation of his right to due process. Since the
17 plaintiff did not allege a violation of a substantive right along with his right to due
18 process, the court held in *Brady* that reinstatement was not an appropriate remedy. 859
19 F.2d at 1551-52. The court did not address whether a constitutionally protected property
20 interest in continued employment could be considered a substantive right. Here, in
21 contrast, Plaintiff has plausibly alleged that she has a constitutionally protected property
22 interest in continued employment and thus, a substantive right that coexists with her due
23 process claim.

24 Plaintiff's allegations plausibly imply that reinstatement is an appropriate remedy
25 for her § 1983 claim. *See Burton v. Cascade Sch. Dist.*, 512 F.2d 850, 853 (9th Cir. 1975)
26 (noting courts decide the appropriate remedy by a careful weighing of all the facts and
27 circumstances). Thus, the Court denies Defendants' Motion to Dismiss Count III as to the
28 injunctive remedy of reinstatement.

### D. Wrongful Termination

Defendants argue that Plaintiff's termination did not violate Arizona public policy, which is a requirement for Plaintiff to succeed on her state law wrongful termination claim (Count I). (MTD at 5.) Defendants contend that any wrongdoing was merely a violation of a private interest and does not fall under the public policy exception to at-will employment under Arizona law. (MTD at 7.) The Arizona Supreme Court adopted the public policy exception to at-will employment in *Wagenseller v. Scottsdale Memorial Hospital*, holding that an employer may not terminate an employee for bad cause or that which is contrary to public policy. 710 P.2d 1025, 1033 (Ariz. 1985), *superseded by statute*, A.R.S. § 23-1501. In response, the Arizona legislature enacted the EPA to spell out the public policy of the state and set forth the circumstances when an employee may bring an action for wrongful termination. *Galati v. Am. W. Airlines, Inc.*, 69 P.3d 1011, 1013 (Ariz. Ct. App. 2003).

The EPA provides that under the public policy of the state an employment relationship is severable at the pleasure of either the employee or the employer, unless both have signed a written contract. A.R.S. § 23-1501(A)(2). This same provision states that it should not be construed to affect the existing rights of public employees under other state laws. *Id.* Additionally, under the EPA, an employee has a claim against an employer for termination of employment if the employer terminates the employment relationship in violation of an Arizona statute. § 23-1501(A)(3)(b).

As discussed, § 36-205(C) states that the superintendent of a state hospital shall be removed only for cause. While § 36-205(C) may conflict with more general provisions in § 41-742(A)(2)(b) and § 23-1501, Plaintiff's allegations plausibly imply that her termination was in violation of a state statute and thus public policy. Moreover, § 23-1501 also states that it should not be construed to affect the existing rights of public employees. Section 36-205 was in effect at the time of Plaintiff's termination, and therefore her allegations support a plausible claim for relief.

Further, Defendants misapply *Wagenseller* to argue that Plaintiff's claim is a purely private interest and not subject to the public policy exception. (MTD at 5-6.) Here, Plaintiff alleges her termination was in violation of a statute, and according to the EPA this would be a violation of public policy, not merely a private interest. Thus, Defendants' Motion to Dismiss Plaintiff's wrongful termination claim (Count I) is denied.

## IV. CONCLUSION

The Court finds that Plaintiff's allegations support a reasonable inference that her termination was a violation of public policy, and thus does not dismiss Plaintiff's state law claim of wrongful termination (Count I). The Court further finds that Dr. Christ is not protected by qualified immunity, therefore the Court denies Defendants' Motion to Dismiss the § 1983 claim against her in her individual capacity (Count II). However, as the State of Arizona is not a person under § 1983, the Court dismisses the State from Plaintiff's § 1983 claim (Count III). As to Plaintiff's claim seeking injunctive relief in the form of reinstatement against Dr. Christ in her official capacity, (Count III), the Court denies Defendants' Motion to Dismiss.

IT IS THEREFORE ORDERED granting in part and denying in part Defendants' Motion to Dismiss as detailed in this Order. (Doc. 8.) Counts I and II survive. The State of Arizona is dismissed from Count III.

IT IS FURTHER ORDERED that Defendants shall file an Answer to the Complaint within 14 Days of entry of this Order. Because Plaintiff cannot cure the defects in her claim (Count III's damages claim as to the State of Arizona), the Court dismisses it with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Dated this 21st day of June, 2016.

Honorable John J. Tuchi
United States District Judge