# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Noriega, | No. CV-16-01015-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona, State of, *et al.*, | |
| Defendants. | |

At issue are Plaintiff Donna Noriega's Motion for Partial Summary Judgment (Doc. 42, Pl.'s MPSJ), to which Defendants State of Arizona, Cara Christ, and Unknown Christ filed a Response (Doc. 46, Defs.' Resp.), and in support of which Plaintiff filed a Reply (Doc. 58, Pl.'s Reply); and Defendants' Cross-Motion for Summary Judgment (Doc. 44, Defs.' MSJ), to which Plaintiff filed a Response (Doc. 48, Pl.'s Resp.), and in support of which Defendants filed a Reply (Doc. 57, Defs.' Reply). The Court elects to resolve the parties' cross motions without oral argument. *See* LRCiv 7.2(f).

**I.    BACKGROUND**

Beginning in 2004, Plaintiff was employed by Arizona State Hospital ("ASH")—a State run facility and division of the Arizona Department of Health Services ("ADHS")—as an allied health administrator. Over the course of the following 11 years, Plaintiff held various titles with increasing levels of responsibility, including Chief Operations Officer. Eventually, in September 2013, Plaintiff was appointed Chief Executive Officer/Superintendent and occupied that position during the relevant time period.

Defendant Dr. Cara Christ has worked for ADHS since 2008 and is a licensed physician specializing in obstetrics and gynecology. Dr. Christ held several executive level positions within ADHS, including Chief Medical Officer for Public Health and Assistant Director of Licensing Services. On May 13, 2015, while Interim Director Corey Nelson was on leave, Dr. Christ was appointed Acting ADHS Director.

The parties allege and dispute a vast amount of facts regarding ASH's operations during Plaintiff's tenure as COO and CEO/Superintendent, Plaintiff's oversight responsibilities, and ASH's compliance with the requirements of various regulatory agencies, including the Centers for Medicare and Medicaid Services. The parties also detail specific incidents and investigations, local news reports and inquiries stemming from those incidents, and the possibility of a catastrophic loss of funding due to each. While these facts—which are categorically in dispute—may be relevant to Plaintiff's termination, and thus the factual merits of her wrongful termination claim in a vacuum, they are not dispositive in deciding the current Motions, and a complete recitation of the allegations would be of no benefit.[1] It is sufficient to acknowledge the internal and external turmoil that enveloped ASH at the time of Plaintiff's termination and that the parties disagree as to cause, fault, and ultimate responsibility.

Purportedly in the wake of the foregoing investigations and tumult, Dr. Christ placed Plaintiff on administrative leave on May 13, 2015, while ADHS examined reports of negligence and malfeasance at ASH. During the proceeding weeks, neither Dr. Christ nor any other ASH representative or investigator contacted Plaintiff regarding the allegations against her. On May 29, 2015, Dr. Christ informed Plaintiff via telephone that she could resign or would be terminated. The same day, Plaintiff received a termination letter stating that her "services were no longer needed" and that "as an uncovered employee" she did not have the "right to grieve this action or the right to appeal this action to either the Law Enforcement Merit System Council or the State Personnel

---

[1] The Court also acknowledges Plaintiff's arguments regarding the admissibility of Defendants' evidence, which are equally irrelevant to the resolution of these Motions. (*See* Pl.'s Resp. at 3-4; Docs. 50-54.)

Board." Thus, Defendants did not offer Plaintiff any pre-termination notice or opportunity to be heard, nor did they provide a post-termination hearing. Defendants never explicitly informed Plaintiff of the charges against her, nor did they tell her she was being terminated for cause.

Although Dr. Christ ostensibly believed that Plaintiff was an at-will employee who could be freely fired under A.R.S. § 41-742(A)(2)(b), human resources representatives eventually informed her that Plaintiff could only be dismissed for cause under A.R.S § 36-205.[2] Dr. Christ acknowledged a mistake was made but took no action because she thought that Plaintiff did not know of the statute or the rights and recourse it afforded her, and regardless, they had good cause to terminate Plaintiff.

On November 5, 2015, Plaintiff's counsel sent Defendants a "Notice of Claim Pursuant to A.R.S. § 12-821.01," informing them of the purported improper termination and Plaintiff's intent to file suit in Maricopa County Superior Court alleging claims arising out of 42 U.S.C. § 1983 *et seq.*, and A.R.S. §§ 23-1501 and 36-205. Plaintiff's Notice stated that Defendants identified no cause for her termination and offered to settle the claims for $570,960. Plaintiff did not request explanation of the charges against her, an opportunity to be heard or appeal, or reinstatement.

Plaintiff then filed her Complaint in Maricopa County Superior Court on March 22, 2016, alleging Wrongful Termination (Count 1), Due Process Violations (Count 2), and seeking Declaratory and Equitable Relief for violation of 42 U.S.C. § 1983 (Count 3). (Doc. 1 Ex. A.) On April 12, 2016, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. 1.)

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any

---

[2] Despite the opinion of their human resources department, for the majority of this litigation Defendants have maintained that A.R.S. § 41-742 should trump § 36-205—meaning Plaintiff is not entitled to any process—and that this belief served constituted Defendants' rationale as expressed in Plaintiff's termination letter. (*See, e.g.*, Doc. 8.)

- 3 -

material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288–89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

## III. ANALYSIS

Plaintiff moves for summary judgment on each remaining count of her Complaint. Plaintiff contends that: (1) she was wrongfully terminated without cause and in violation of statute; (2) her termination was carried out without due process; and (3) she is entitled to a declaratory judgment and reinstatement due to the preceding. Defendants respond that (1) Plaintiff's only remedy for her termination was administrative and by failing to avail herself of that remedy, she waived it; (2) Plaintiff also waived her due process rights by failing to demand their vindication; and (3) in waiving those rights, Plaintiff lost any entitlement to declaratory or equitable relief.

### A. Wrongful Termination (Count 1)

Plaintiff moves for summary judgment on her wrongful termination claim on the grounds that she was terminated (1) without cause in violation of A.R.S. § 36-205, and

(2) in violation of public policy when Defendants failed to afford her pre-and-post-termination due process. (Pl.'s MPSJ at 5-6.)

Wrongful termination claims are governed by the Arizona Employment Protection Act ("EPA"), A.R.S. § 23-1501. Under A.R.S. § 23-1501(A)(3)(b), an employee has a claim against an employer for termination if the "employer has terminated the employment relationship . . . in violation of a statute of this state." Under A.R.S. § 36-205(C), the "superintendent shall be removed only for cause."

Here, it is wholly unclear whether Plaintiff was terminated for cause. While Defendants present facts detailing several incidents and investigations—as well as the grave consequences that could have resulted from them—which may have provided ample cause, Plaintiff disputes nearly all of those facts. (*Compare* Defendants' Statement of Facts ("DSOF") ¶¶ 51-54, 56-61, 65, 68-69 *with* Plaintiff's Controverting Statement of Facts ("PSOF") ¶¶ 51-54, 56-61, 65, 68-69, 94-141.) Moreover, Defendants never explicitly stated they were terminating Plaintiff for cause—either informally or in Plaintiff's termination letter—nor did they describe the charges set forth here contemporaneously with Plaintiff's dismissal. Thus, the Court cannot grant summary judgment to either party as to Count 1 on the grounds that Plaintiff was terminated with or without cause.

However, in their Response and offensive Motion, Defendants claim that Count 1 fails as a matter of law because Plaintiff's exclusive remedy for any wrongful termination is administrative. (Defs.' Resp. at 4-6; Defs.' MSJ at 11-12.) In support, Defendants cite A.R.S. § 23-1501(3)(b), which states "[i]f the statute provides a remedy to an employee for a violation of the statute, the remedies provided to an employee are the exclusive remedies for the violation . . . ." Defendants contend that A.R.S. §§ 41-782 and 783—which authorize covered state employees to appeal dismissals from covered state service to the Arizona Personnel Board within 10 days of agency action—provide that statutory remedy exclusively and mandatorily. For the following reasons, the Court disagrees.

First, it is unclear that Defendants' stated statutes indeed provide remedies for violation of A.R.S § 36-205(C), much less exclusive ones. A.R.S. §§ 41-782 and 783 exist under a different title, in a different section, and do not explicitly set forth that they are remedies for violation of § 36-205, which does not itself set forth independent remedies. While ASH and ADHS may generally employ those procedures when terminating employees, the plain language of the statutes do not demand that result. Nor do Defendants provide any precedent holding that those statutes apply to analogous situations or that they have been found to apply directly to § 36-205. Instead, the EPA provides that if the statute does not afford a remedy to an employee for a violation, the employee shall have the right to bring a tort claim for wrongful termination. A.R.S. § 23-1501(3)(b). The Court will not find as a matter of law that Defendants' statutory citations provide exclusive remedies—or any remedy at all—for termination in violation of § 36-205. *See Walters v. Maricopa Cnty.*, 990 P.2d 677 (Ariz. Ct. App. 1999) (holding that administrative remedies in the context of A.R.S. § 38-532 are permissive, allowing terminated employee to file an action in superior court without exhausting such remedies). Similarly, Defendants' argument that Plaintiff waived her wrongful termination claim by failing to exhaust those administrative remedies is equally without merit. Plaintiff appropriately sent a Notice of Claim and filed this wrongful discharge action, which is a suitable method of exercising her rights.

Second, failure to exhaust administrative remedies is an affirmative defense subject to waiver. *See, e.g.*, *O'Sullivan v. AMN Servs.*, No. C-12-02125 JCS, 2012 WL 2912061, at *3 (N.D. Cal. July 16, 2012). While the Ninth Circuit has held in non-analogous cases that a party may raise an affirmative defense for the first time at the summary judgment phase, the ability to do so is foreclosed if it will result in prejudice to the opponent. *See Panaro v. City of N. Las Vegas*, 432 F.3d 949, 951 (9th Cir. 2005) (allowing defendants to raise exhaustion defense at summary judgment phase, in part, because a Supreme Court opinion was released between pleadings and summary judgment making the affirmative defense available). Here, Plaintiff alleges such prejudice

and the Court agrees. (*See* Pl.'s Reply at 6.) Neither Defendants' Motion to Dismiss (Doc. 8), nor their Answer (Doc. 18), argued that Plaintiff was required to exhaust her administrative remedies or otherwise indicate such a defense. Plaintiff had no notice that Defendants intended to respond in that manner and conducted discovery in accordance with Defendants' static position. Further, no intervening change in law or fact made Defendants' argument available to them at this late stage in litigation. Courts in other contexts have consistently held that parties waive the affirmative defense of exhaustion when failing to raise it at an appropriate point in litigation resulting in prejudice, and the Court will do so here. *See Ross v. Arpaio*, No. CV054177PHXMHM, 2008 WL 4277666, at *1 (D. Ariz. Sept. 16, 2008).

Third, Defendants are estopped from taking a position contrary to both their pre-and-post litigation contentions. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 181 P.3d 219, 238 (Ariz. Ct. App. 2008) (the elements of equitable estoppel are that (1) the estopped party commits acts inconsistent with a position it later adopts; (2) reliance; and (3) injury resulting from the repudiation of that prior position). Defendants were unequivocal in their letter of termination that Plaintiff did not have the right to grieve or appeal her termination. Through the course of this litigation, Defendants have—until recently—maintained that stance, asserting that Plaintiff was an at-will employee with no appellate rights. Plaintiff has relied on those contentions to her detriment and opposed them at each turn. To allow Defendants to first assert that Plaintiff could not appeal the decision—even if Plaintiff had actual knowledge that she was entitled to so appeal—and then prevail in court on the grounds that she failed to utilize the precise mechanism Defendants maintained she was not entitled to, would be unequitable.

Because a genuine dispute of material fact exists as to the reason for Plaintiff's dismissal—which, by statute can only be done for cause—the Court cannot grant summary judgment to either party as to Plaintiff's wrongful termination claim. Indeed, in most employment cases where each party presents supported facts as to their version of events, "it is for the trier of fact to decide which story is to believed." *Guerrero v. Beverly*

*Hills Hotel*, No. CV 92-5503 KN, 1994 WL 383228, at *1 (C.D. Cal. Feb. 10, 1994) (noting that once an employer articulates a reason for its actions, and plaintiff refutes, a genuine factual issue regarding that motive exists).

As to the second basis for Plaintiff's wrongful discharge claim—that she was terminated in violation of the public policy implicit in A.R.S. § 36-205 when she denied her procedural due process rights—Plaintiff did not plead this theory in her Complaint. (*See* Doc. 1-1 ¶¶ 25-28.) Moreover, Plaintiff provides no controlling precedent holding that a denial of procedural due process constitutes a violation of public policy under A.R.S. § 36-205, thus allowing for a wrongful termination claim on those grounds. Plaintiff thus may not proceed on this theory of wrongful termination under A.R.S. § 23-1501(A)(3)(b).

### B. Due Process (Count 2)

Plaintiff moves for summary judgment on Count 2 of her Complaint on the grounds that Defendants admit failing to provide her any pre-or-post-termination due process. (Pl.'s MPSJ at 7-8; Pl.'s Resp. at 8-9.) Defendants do not refute most of Plaintiff's allegations but similarly move for summary judgment, arguing that Plaintiff waived any due process claims by failing to demand either notice or an opportunity to be heard, despite having actual knowledge that she was entitled to each. (Defs.' MSJ at 10-11.)

To state a violation of procedural due process under 42 U.S.C. § 1983, Plaintiff must show: (1) a property interest in continued employment, (2) a deprivation of that interest, and that her government employer either (3) did not notify her of the charges against her, or (4) did not give her an opportunity to respond before her interest was deprived. *See Cleveland Bd. of Educ. v. Loudermill*, 47 U.S. 532, 547 (1985). Post-termination due process generally requires an impartial opportunity to present and confront evidence. *See, e.g.*, *Garzon v. City of Bullhead*, No. CV-10-8151-PHX-GMS, 2011 WL 3471215, at *2 (D. Ariz. Aug. 8, 2011).

Defendants do not contest any of the four factors necessary to Plaintiff's pre-termination due process claim and no longer contest that Plaintiff had a property interest in her continued employment. (*See* Defs.' MSJ at 10-11.) Before Defendants could deprive her of that interest, Plaintiff was entitled to prior notice of the reasons for her discharge and a hearing regarding the nature of the case. *Loudermill*, 470 U.S. at 542. Defendants acknowledge that they did not notify Plaintiff of the charges or give her an opportunity to respond either before or after she was deprived of that interest. Defendants also admit—as the Court has previously stated—that Dr. Christ was required to understand and comply with the laws that apply to her agency. In sum, there is no dispute of fact that Plaintiff was not offered the requisite due process, including notice of the charges and evidence against her, an opportunity to confront such evidence or witnesses, a chance to be heard or present evidence, or to have her case resolved by an impartial decision-maker. However, a question remains as to whether Plaintiff waived those rights. *But see Duck v. Jacobs*, 739 F. Supp. 1545, 1550 (S.D. Ga. 1990) ("It is undisputed that [plaintiffs] received no hearing—formal or informal—*prior* to being discharged. Therefore, the Court need not assess the adequacy or timeliness of any post-termination procedures made available by the defendants.").

Due process rights, such as those Plaintiff seeks to vindicate, can be waived. *See Bignall v. North Idaho College*, 538 F.2d 243 (9th Cir. 1976). However, "[c]ourts indulge every presumption against the waiver of fundamental constitutional rights." *Pitts v. Bd. of Educ. of School Dist. 205*, 869 F.2d 555, 557 (10th Cir. 1989) (citation and quotation omitted). Whether due process rights have been waived "depends upon the facts of a particular case," and waiver is valid only "if it is done in an informed matter." *Id.* A plaintiff waives due process rights by electing to forego a hearing only if the suggested hearing would have been adequate. *Bignall*, 538 F.2d at 247.

Here, Defendants contend that although Plaintiff was not informed of the charges against her and was told that she could not grieve or appeal, her admitted awareness of her statutory rights and the administrative processes—coupled with her lack of demand to

either—constitute waiver. (Defs.' Resp. at 6-7; Defs.' MSJ at 10-11.) Plaintiff responds that she did not elect to forego exercising her due process rights but was specifically deprived of that opportunity when she was informed in writing that she was entitled to none. (Pl.'s Resp. at 8.)

Defendants argue that Plaintiff's claims are analogous to those in *Correa v. Nampa School Dist. No. 131*, 645 F.2d 814, 816-17 (9th Cir. 1981). There, the district court held that the plaintiff waived her right to due process claims when she knowingly and voluntarily chose to forego administrative procedures by pursuing an action through the office of civil rights, rather than the processes found in the defendant's policy manual. *Id.* at 816-17. The Ninth Circuit affirmed, noting that the plaintiff was aware of the existence of those procedures and requested a copy of the policy manual which detailed those processes, though she never received it. *Id.* Similarly, here, Plaintiff testified that she was intimately aware of the procedures she was entitled to, but did not request them. *See McGraw v. Cnty. Of Riverside*, 111 F.3d 138 (C.D. Cal. 1997) ("At his deposition, [plaintiff] acknowledged his awareness and understanding of these procedures. [Plaintiff] chose to forego them, instead retaining counsel who pursued [plaintiff's] claims . . ." and "there is no evidence that the [] procedures were inadequate."). On the other hand, unlike in *Correa*, Plaintiff was explicitly told that she had no due process rights, including the right to be heard or appeal. Further, Plaintiff can only waive her due process rights if "the suggested procedure would have been adequate." *Bignall*, 538 F.2d at 247 (9th Cir. 1976). Defendants did not suggest a hearing. Instead, they explicitly stated that Plaintiff was entitled to none. Thus, given the presumption against waiver, the Court finds that Plaintiff was unable to waive her due process rights as it cannot find a hearing adequate when none was offered or suggested. *See id.* (further noting that plaintiff was *offered* an adequate hearing); *Anderson v. Peninsula Fire Dist.*, No. 213CV01736TLNCMK, 2016 WL 1267838, at *6 (E.D. Cal. Mar. 31, 2016) ("whether that waiver is effective depends in part upon whether the hearing would have been adequate") (citation omitted); *Byers v. New Plymouth Sch. Dist. No. 372*, No. 1:12-CV-00230-EJL, 2013 WL 5943938, at *10

(D. Idaho Nov. 5, 2013) ("Where, as here, it is disputed whether a pre-termination hearing would have been constitutionally adequate, a plaintiff cannot be found to have waived his due process rights by failing to participate in the hearing."). Therefore, Plaintiff is entitled to summary judgment as to Count 2.

### C. Declaratory and Injunctive Relief (Count 3)

Plaintiff moves for summary judgment as to her declaratory and injunctive relief claim on the same grounds as Count 2—that her constitutionally protected property interest was deprived without due process. (Pl.'s MPSJ at 8.) Defendants similarly respond and argue that Plaintiff waived her due process rights and, in any event, that process would be the appropriate remedy, not reinstatement. (Defs.' Resp. at 10.)

As stated, the Court finds that Plaintiff was denied procedural due process. The appropriate remedy for deprivation of a property interest without due process "is to order the process that was due and any attendant damages which directly resulted from the failure to give the proper procedure." *Brady v. Gebbie*, 859 F.2d 1543, 1551 (9th Cir. 1988); *see also Burton v. Cascade Sch. Dist.*, 512 F.2d 850, 853 (9th Cir. 1975) (noting courts decide the appropriate remedy by a careful weighing of all the facts and circumstances); *Levine v. City of Alameda*, 525 F.3d 903, 906 (9th Cir. 2008) (affirming district court's order remanding post-termination hearing to a "neutral third party" for a "full evidentiary hearing"); *Levine v. City of Alameda*, No. C 04-01780 CRB, 2006 WL 83051 *7 (N.D. Cal. 2006) (Defendant "shall bear all costs for the neutral [third party]."). This is particularly true when no process was given and a question of fact remains as to whether Plaintiff's substantive right—continued employment—was denied with or without cause.

Plaintiff is entitled to a declaratory judgment to the effect that her constitutional procedural due process rights were violated by Defendants. Though the Court will not order Defendants to reinstate Plaintiff, Defendants will be required to grant Plaintiff a prompt hearing before the Arizona Personnel Board or another impartial body to comport

with due process. If Defendants fail to do so, Plaintiff may then seek additional equitable relief from this Court.

### D. Qualified Immunity

Defendants argue that Dr. Christ is entitled to qualified immunity from Plaintiff's § 1983 claim. (Defs.' Resp. at 7-10.) Qualified immunity protects government officials from liability for civil damages "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Wood v. Moss*, 134 S. Ct. 2056, 2066-67 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what [the official] is doing violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). When provisions of a specific statute conflict with those of a general statute on the same subject, the specific statute controls and the more general statute applies to all matters not dealt with in the specific statute. *Desert Waters, Inc. v. Superior Court*, 370 P.2d 652, 657 (Ariz. 1962).

As the Court previously stated in deciding Defendants' Motion to Dismiss, Dr. Christ is not entitled to qualified immunity. (*See* Doc. 17.) A.R.S. § 36-205(C) is relevant, particularized, and conspicuous in the conveyance of a right: it provides that the superintendent may only be fired for cause. Dr. Christ, as Acting Director, was charged with knowledge of this statute and admits to being informed of the rights it conveys, at least after the fact. Nonetheless, Dr. Christ did not provide the procedural process due or contemporaneously contend that Plaintiff was dismissed for cause. Dr. Christ, thus, violated Plaintiff's clearly established statutory rights.

### IV. CONCLUSION

It is undisputed that Defendants failed to provide any of the process due to Plaintiff in terminating her—either before or after her dismissal. Although it is undisputed that Plaintiff knew the processes to which she was entitled, Defendants did not offer or suggest any process whatsoever or provide any notice. Thus, at the very least,

the Court is unable to find that any process would have been constitutionally sufficient—a prerequisite for finding waiver of process. Consequently, Plaintiff is entitled to summary judgment as to Counts 2-3, declaratory relief, and the process due. However, questions of fact remain whether Plaintiff's termination was for cause in violation of A.R.S. §§ 23-1501 and 36-205. Count 1 will thus proceed to trial, as will the damages issue on Count 2.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff Donna Noriega's Motion for Partial Summary Judgment (Doc. 42). Plaintiff is entitled to summary judgment as to Counts 2 and 3, but not Count 1. The Court will set a pre-trial status conference by separate Order.

**IT IS FURTHER ORDERED** denying Defendants State of Arizona, Cara Christ, and Unknown Christ's Cross-Motion for Summary Judgment (Doc. 44).

Dated this 16th day of June, 2017.

Honorable John J. Tuchi
United States District Judge